[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11448
Non-Argument Calendar
_____

D.C. Docket No.9:10-cv-80979-KLR


PERMON THOMAS,

Plaintiff-Appellant,

versus

JULIO POVEDA,
Chief Health Care Officer,
MARTA VILLACORTA,
AKEISHA HARPER,
Transportation Sergeant Official & Individual Capacity

Defendants-Appellees,

DENA TATE, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 24, 2013)

Before CARNES, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Permon Thomas, appearing pro se, filed suit against a number of people associated with the prison where he was incarcerated.  His claims arose from the medical care he received after he had knee surgery.  Thomas appeals the following orders issued by the district court in his 42 U.S.C. § 1983 case: (1) the order sua sponte dismissing all claims and defendants under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, except for his deliberate indifference claim against Dr. Julio Poveda; (2) the order striking his amended complaint, which sought to add a new defendant, for failure to state a claim; and (3) the order granting summary judgment to Dr. Poveda on Thomas's two claims of deliberate indifference.[1]  Each order will be discussed in turn.

"To prevail on a claim of inadequate medical treatment, a prisoner must satisfy an objective and a subjective requirement."  Bingham v. Thomas, 654 F.3d 1171, 1175–76 (11th Cir. 2011).  The plaintiff must show an "objectively serious

---

[1] On appeal Thomas also argues that the district court failed to address his claims that he was denied access to the courts and that he was subjected to an illegal search and seizure.  However, this argument is without merit.  The Magistrate Judge's recommendation addressed his access to the courts argument and his complaint did not allege that there was an illegal search and seizure. Thomas objected to the Magistrate Judge's report on the ground that the Magistrate did not address his access to courts claim and his illegal search claim. After conducting a de novo review of the report and Thomas's objections, the district court adopted the Magistrate's report, indicating that the court considered the argument and disagreed with Thomas.

2

deprivation" of care.  Bingham, 654 F.3d at 1176 (quotation marks omitted).  The plaintiff must also show that the official acted with deliberate indifference.  Id.

To show deliberate indifference, the plaintiff must prove three things: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; [and] (3) by conduct that is more than gross negligence."  Goebert v. Lee Cnty., 510 F.3d 1312, 1327 (11th Cir. 2007) (quotation marks and alternation omitted).  Deliberate indifference may be demonstrated by a complete denial of readily available treatment and by delay of necessary treatment for non-medical reasons.  Bingham, 654 F.3d at 1176.  "In cases that turn on the delay in providing medical care, rather than the type of medical care provided," we have considered: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay."  Goebert, 510 F.3d at 1327.

## I.

The first order we consider is the district court's sua sponte order dismissing all the claims and defendants pursuant to § 1915(e)(2)(B)(ii), except for the deliberate indifference claims against Dr. Julio Poveda.  Under § 1915, district courts have discretion to dismiss, at any time, in forma pauperis complaints that fail to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii) (2006).  We review de novo a district court's dismissal pursuant to § 1915(e)(2)(B)(ii), taking all allegations in the complaint as true.  Mitchell v.

Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  A dismissal under

§ 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal

Rule of Civil Procedure 12(b)(6).  Id.

This Court liberally construes pro se briefs and pleadings.  Tannenbaum v.

United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949

(2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

of the elements of a cause of action'" or "'naked assertions' devoid of 'further

factual enhancement'" will not do.  Id. (alteration and citations omitted); see also

Randall v. Scott, 610 F.3d 701, 709–10 (explaining that a court should "identify[]

conclusory allegations that are not entitled to an assumption of truth" and "assume,

on a case-by-case basis, that well pleaded factual allegations are true, and then

determine whether they plausibly give rise to an entitlement to relief").

In his original § 1983 complaint, Thomas named the following defendants:

(1) Dr. Poveda, the chief health care officer at Dade Correctional Institution (DCI);

(2) Dena Tate, medical director at DCI; (3) William Churchwell, warden at DCI;

(4) Walter McNeil, Secretary of the Florida Department of Corrections (FDOC);

(5) Carmen Cartaya, private attorney for Dr. Poveda; (6) James O'Hara, private

attorney for Dr. Poveda; (7) "Urbina," a captain at DCI; (8) Jackie Adams,

4

grievance coordinator; (9) "Maycock," a correctional officer at DCI; (10) Pilar Tournay from the FDOC; and (11) Celeste Kemp, Secretary McNeil's representative. Thomas claimed that the defendants denied him post-knee surgery physical therapy and pain medication, and destroyed his medical records, because they were deliberately indifferent to his serious medical condition and wanted to retaliate against him for filing grievances.

A Magistrate Judge reviewed the complaint pursuant to § 1915. He recommended the court dismiss the claims against Cartaya and O'Hara because they are private citizens and were not acting under color of state law. He also recommended dismissing the claims against McNeil, Tournay, Kemp, Churchwell, and Tate because: (1) they could not be held liable for their employees' actions under a theory of respondeat superior; and (2) Thomas had not adequately alleged a "causal connection between [their] actions . . . and an alleged deprivation" or that there was an official custom, policy, or practice that led to his harm. The Magistrate also suggested that Thomas could not sustain claims against Adams, McNeil, Kemp, and Tournay for failing to respond to or denying grievances because that, in and of itself, did not violate due process. In addition, the Magistrate recommended that the court dismiss Thomas's claims "of a retaliatory transfer, and the intentional destruction of his medical records" because those claims were "too conclusory." The district court adopted the Magistrate Judge's

5

recommendation and held that the case would proceed "solely on [Thomas's] claim that Dr. Julio Poveda failed to provide adequate medical treatment."

Thomas appeals several aspects of this order. First, he argues that he did show a causal connection between Warden Churchwell's actions and the alleged deprivation and for that reason the district court erred in dismissing his claims against Churchwell. Second, he argues that the district court erred by determining that Cartaya and O'Hara were not acting under color of state law. Third, he argues that he did adequately state a claim of deliberate indifference against the dismissed defendants. Fourth, he argues that the district court erred by dismissing as conclusory the claims regarding the destruction of medical records.

Thomas's arguments fail. First, as to the destruction of medical records claim, we now know that Thomas's medical records were not destroyed. Therefore, even if the district court had prematurely dismissed the destruction of medical records claims, we can now affirm the dismissal on the ground that the claim has no factual support. See Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) ("We may affirm the district court on any ground that finds support in the record."). We also affirm the district court's dismissal of Cartaya, O'Hara,

6

Urbina, Adams, and Maycock, because the only allegations against them were based on the destruction of medical records.[2]

Second, we affirm the district court's dismissal of Thomas's claims against Tournay and Kemp. The only allegation in the complaint against these two defendants was that they denied Thomas's grievance appeal regarding the failure to receive adequate physical therapy. To the extent that the claim was meant to be a deliberate indifference claim, Thomas's complaint was not sufficient because it does not suggest that these two individuals had knowledge of a risk of serious harm or disregarded that risk when they denied his appeal. See Bingham, 654 F.3d at 1176. Insofar as the claim was meant to be a due process claim, as the Magistrate Judge understood it to be, the "prison grievance procedure does not provide an inmate with a constitutionally protected interest." Id. at 1177.

Third, we affirm the district court's dismissal of Thomas's claims against Tate, McNeil, and Churchwell. The complaint alleged that Tate, McNeil, and Churchwell were liable because "they failed to train and supervise their subordinates" and because there was a "custom, practice, policy, and procedure" to destroy medical records and deny prescribed therapy to cut costs. However, a supervisory official is not liable under § 1983 for a failure to train unless that

---

[2] Although Thomas suggests that his complaint also included a failure to maintain a medical record claim, and we construe pro se pleadings and briefs liberally, he has failed to meaningfully brief the merits of this claim and it is therefore abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008); see also Greenbriear, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

failure to train amounts to a deliberate indifference.  Belcher v. City of Foley, Ala., 30 F.3d 1390, 1397 (11th Cir. 1994).  Thomas did not make any allegations supporting a conclusion that the alleged failure to train amounted to deliberate indifference, such as a history of abuse that put the supervisor on notice.  See id. at 1397–98.  Neither did Thomas provide any factual allegations to support his "naked assertion" that there was a custom and policy to destroy medical records and deny therapy.  See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.[3]

## II.

The second order at issue is the one striking Thomas's amended complaint on the ground that he had failed to state a claim against the added defendant, Akeisha Harper.  This Court reviews the denial of a motion to amend a complaint for abuse of discretion, but reviews de novo the underlying legal conclusion that a particular amendment to the complaint would have been futile.  Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005).

After both sides had filed cross-motions for summary judgment, Thomas filed an amended complaint by which he attempted to add Transportation Sergeant Akeisha Harper as an additional defendant, "stating that she cancelled appointments scheduled for physical therapy, claiming a transportation van was not

---

[3] Thomas did make some specific allegations regarding actions Churchwell himself took, but these allegations did not adequately support a claim for deliberate indifference because, for example, Thomas did not allege sufficient facts to suggest that Churchwell had a subjective knowledge of a risk of serious harm and disregarded that risk by conduct that is more than negligence.  See Goebert, 510 F.3d at 1327.

available." The Magistrate Judge recommended striking the amended complaint for two reasons: (1) Thomas should have had the information to include these actions and/or Harper's name in the original complaint; and (2) the claim against Harper was conclusory. The district court adopted this recommendation.

On appeal, Thomas argues that this was error. First, Thomas argues that all the relevant facts were included in his initial complaint and that he only learned of the specific dates of the cancelled physical therapy sessions and Harper's name and position from attachments to Dr. Poveda's summary judgment motion. Second, Thomas argues that he set out specific facts in the amended complaint that were sufficient to state a claim.

Again, Thomas's arguments fail. The district court did not err in striking Thomas's amended complaint because the amendment would have been futile. Thomas did not allege any facts that would show that Harper had subjective knowledge of a risk of serious harm by Thomas missing the scheduled therapy appointments at issue. See Bingham, 654 F.3d at 1176.

### III.

The third order we consider is the one granting summary judgment to Dr. Poveda on Thomas's deliberate indifference claims regarding both access to physical therapy and access to pain medications. We review de novo the district court's grant of summary judgment. Kingsland v. City of Miami, 382 F.3d 1220,

9

1225 (11th Cir. 2004). "We view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." Id. at 1226.

Upon receiving cross-motions for summary judgment, opposition to those motions, and associated affidavits and exhibits, the Magistrate Judge issued a report recommending that the court deny Thomas's motion for summary judgment and grant Dr. Poveda's motion for summary judgment. The Magistrate explained that Thomas had not fully exhausted his administrative remedies with respect to his claim that he was not provided with pain medication during early 2010. Therefore, summary judgment should be granted in favor of Dr. Poveda on this claim. The district court adopted this recommendation.

The Magistrate Judge also recommended that summary judgment be granted in favor of Dr. Poveda on the physical therapy claim. According to the Magistrate "[it] is uncontroverted that there was an 18-day delay between the time" physical therapy was recommended (July 10, 2009) and the time therapy commenced (July 28, 2009). The record also showed that "petitioner underwent extensive, rigorous physical therapy . . . through October 7, 2009" and that "six appointments were, in fact, cancelled during the relevant time period based on transportation issues." Our own review of the record shows that there was a two-month delay between the time more physical therapy was recommended and Dr. Poveda put in a formal

10

request for the therapy.  However, in the Magistrate's view, Thomas had not shown "any delay in treatment that was 'tantamount to unnecessary and wanton infliction of pain'" because, among other things, he had been given medical treatment and had not shown that "any delay or absence of treatment of his injuries had a detrimental effect."  The district court adopted this recommendation.

Read liberally Thomas makes two arguments on appeal.  First, he argues that material questions of fact remain regarding the question of whether he had exhausted the administrative remedies as to his access to pain medicine claim.  Second, he argues that the district court erred by granting summary judgment in favor of Dr. Poveda and that summary judgment should have instead been granted in his favor.

We turn first to the pain medication claim.  The district court did not err by determining that Thomas did not exhaust his administrative remedies as to this claim.  Even taking Thomas's assertions that he attempted to file a formal grievance as true, he did not follow the proper procedures.  See Woodford v. Ngo, 548 U.S. 81, 84, 126 S. Ct. 2378, 2382 (2006) (holding that "proper exhaustion of administrative remedies is necessary").  For example, Florida law requires that "[a]ll informal and formal grievances, except those administrative appeals filed directly with the Office of the Secretary, must be filed at the institution or facility to which the inmate" was "housed at the time he files" the grievance.  Fla. Admin.

11

Code. r. 33-103.015(4) (West, Westlaw through Mar. 2013). Thomas alleges that he tried to mail a grievance to DCI from the South Bay Correctional Facility, but there is no allegation or evidence that he tried to file a grievance at South Bay Correctional Facility, which was the facility in which he was housed at the time he filed.[4] Thus, because Thomas did not properly exhaust his administrative remedies, we affirm the district court's grant of summary judgment to Dr. Poveda on this claim. See 42 U.S.C. § 1997e(a) (2006); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) ("An inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983.").

Next, we turn to the physical therapy claim. The crux of this claim is that Dr. Poveda was deliberately indifferent to Thomas's serious medical needs as demonstrated by delays in post-surgery physical therapy treatment and cancellations of appointments. While a delay in treatment may constitute deliberate indifference to a prisoner's serious medical needs, some delay may be tolerable, depending on the nature of the need and the reason for the delay. See

---

[4] In addition, according to FDOC's grievance procedure, inmates are supposed to file an appeal to the Office of the Secretary of the FDOC after they file a formal grievance. Fla. Admin. Code r. 33-103.007 (West, Westlaw through Mar. 2013); Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004). When Thomas did not get a response to his grievance, he was entitled to file his appeal. Fla. Admin. Code. r. 33-103.011(4) (West, Westlaw through Mar. 2013). The fact that the appeal may have been futile because the original grievance was never received does not excuse Thomas from the exhaustion requirements. See Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).

12

Harris v. Coweta Cnty., 21 F.3d 388, 393–94 (11th Cir. 1994).  On this record there is no indication that Dr. Poveda deliberately delayed post-surgery treatment or acted with callous disregard for Thomas's medical condition.

For example, in July, 2009 Dr. Poveda put in a request for physical therapy very quickly after therapy was first recommended.  Upon approval, Thomas was scheduled for physical therapy, and he received all 12 appointments the therapist recommended.  Thomas was given exercises he could do on his own to help his recovery between appointments and Dr. Poveda had no control over the instances when Thomas was not allowed to leave the facility to go to physical therapy because of security or transportation concerns.  Finally, as to the two-month period between the time additional therapy was recommended and the time that Dr. Poveda put in a formal request, there is no evidence to support a conclusion that the delay was due to more than mere negligence, that the therapy was needed on an emergency basis, or that the delay worsened Thomas's condition.  See Goebert, 510 F.3d at 1327.

For these reasons, we affirm the district court's grant of summary judgment to Dr. Poveda.

## IV.

After careful consideration, we **AFFIRM.**